**NOT FOR PUBLICATION**

FILED

MAR 21 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50446 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-01260-SJO-1 |
| vs. | |
| NAZAR AL BUSSAM, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted March 4, 2013
Pasadena, California

Before: WARDLAW and GOULD, Circuit Judges, and HADDON, District
Judge.[**]

Nazar Al Bussam appeals from the district court's order excluding proffered

expert testimony and from his 84-month sentence. We have jurisdiction under 28

U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Sam E. Haddon, United States District Judge for the District of Montana, sitting by designation.

The district court did not abuse its discretion in excluding Al Bussam's proffered expert testimony that physicians may, with a legitimate medical purpose, prescribe or distribute Schedule II controlled substances for maintenance or detoxification treatment. Congress has delegated to the Secretary of Health and Human Services the authority to determine the scope of professional practice for the medical treatment of narcotic addiction. *See Gonzales v. Oregon*, 546 U.S. 243, 271–72 (2006). The Secretary has not authorized the prescription or distribution of Schedule II controlled substances for use in maintenance or detoxification treatment of narcotic dependent persons. *See* 21 C.F.R. § 1306.07(d). Thus, the district court did not abuse its discretion in excluding Al Bussam's proffered expert testimony.

Al Bussam's sentence was not substantively unreasonable. The district court gave due consideration to the Sentencing Guidelines and the factors listed in 18 U.S.C. § 3553(a). Although Al Bussam's 84-month sentence represented a six-month upward departure from the Guidelines range of 63–78 months, upon reviewing the record, we are not left with "a definite and firm conviction that the district court committed a clear error of judgment." *United States v. Ressam*, 679 F.3d 1069, 1087–88 (9th Cir. 2012) (en banc) (noting that "review of the substantive reasonableness of a sentence is deferential and will provide relief only

2

in rare cases").

**AFFIRMED.**